File Name: 12a0918n.06

NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

No. 10-4568

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

*Aug 20, 2012*

LEONARD GREEN, Clerk

JESSE W. CARROLL,                            )
                                             )
        Plaintiff-Appellant,                 )
                                             )       ON APPEAL FROM THE UNITED
v.                                           )       STATES DISTRICT COURT FOR THE
                                             )       SOUTHERN DISTRICT OF OHIO
                                             )
LEON E. PANETTA, Secretary,                  )
United States Department of Defense,[1]      )
                                             )
        Defendant-Appellee.                  )

Before:  MARTIN, GILMAN, and WHITE, Circuit Judges.

        PER CURIAM.  Jesse W. Carroll, an Ohio citizen represented by counsel, appeals a district

court judgment that granted summary judgment to the Secretary of Defense in his civil rights action

filed pursuant to 42 U.S.C. §2000e et seq., and the Age Discrimination in Employment Act, 29

U.S.C. §621 et seq.

        Carroll is an African-American man who had worked for the Department of Defense for

twenty-three years, in 2007, when he was transferred from his position as a supervisory accounting

technician, which he had held for less than one year, to a position as an accounting technician in a

different department.  Carroll was forty-one years old at the time of his transfer.  Carroll alleged that

this demotion was based on his race, gender, and age, or was in retaliation for a complaint he filed

---

[1] Pursuant to Federal Rule Appellate Procedure 43(c)(2), Secretary of Defense Leon E.
Panetta has been substituted for former Secretary of Defense Robert M. Gates as the defendant in
this case.

in 2004 challenging his failure to receive a promotion. The Secretary moved for summary judgment, arguing that Carroll's reassignment was due to his lack of supervisory skills.

Carroll's direct supervisor was Dennis Rowley and his second-level supervisor (Rowley's supervisor) was Rebecca Beck. Both supervisors were deposed and testified that numerous employees under Carroll's supervision had complained that he created a hostile work environment. Some of Carroll's employees had filed grievances with their union and the human relations department. Several employees had also come to Rowley in tears complaining that they were intimidated and frightened by Carroll. Rowley cited to inappropriate e-mails Carroll had sent to all his employees and noted meetings at which Carroll had appeared gruff and intimidating. Rowley and Beck also stated that Carroll had been counseled for violating an office policy against selling products at work. Rowley testified that he worked with the human relations department in deciding to transfer Carroll to a non-supervisory position, rather than discipline him. Rowley described Carroll as a competent employee who simply lacked supervisory skills. Beck approved the transfer.

The district court granted the Secretary's motion for summary judgment concluding that even if Carroll had established a prima facie case of discrimination or retaliation, the Secretary had proffered a legitimate, non-discriminatory reason for transferring Carroll. The court noted that Carroll had failed to show that the transfer was a pretext for discrimination. The court also concluded that Carroll had not established direct evidence of age discrimination. Carroll reasserts his claims on appeal.

Upon review, we conclude that the Secretary was entitled to summary judgment because "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

The district court properly concluded that, even if Carroll had established a prima facie case of discrimination or retaliation, the Secretary had proffered a legitimate, non-discriminatory reason for reassigning Carroll based on Carroll's lack of supervisory skills. Carroll was required to show that this reason was a pretext for discrimination by showing: "(1) that the proffered reasons had no basis in fact, (2) that the proffered reasons did not actually motivate the employer's action, or (3) that

[the proffered reasons] were insufficient to motivate the employer's action." *Chen v. Dow Chem. Co.*, 580 F.3d 394, 400 (6th Cir. 2009). Carroll did not present any evidence to show that the Secretary's proffered reason had no basis in fact or was insufficient to motivate his reassignment.

Carroll argues that, because Rowley elected to reassign him rather than take disciplinary action against him, doubt is cast on the proffered reason. This argument is not supported by the evidence. Carroll failed to establish that the Secretary "did not honestly believe" in the stated reason for the reassignment. *See Braithwaite v. Timken Co.*, 258 F.3d 488, 494 (6th Cir. 2001). Instead, the evidence shows that the Secretary's conclusion that Carroll lacked supervisory skills was based on complaints by Carroll's employees and observations by his supervisor. Carroll did not satisfy his burden in showing that his demotion was discriminatory.

Carroll did not attempt to establish a prima facie case of age discrimination. Instead he argued that he had direct evidence of age discrimination in the form of two comments, one by Rowley and the other by Beck. Direct evidence "is that evidence which, if believed, requires the conclusion that unlawful discrimination was at least a motivating factor in the employer's actions." *Jacklyn v. Schering-Plough Healthcare Prods. Sales Corp.*, 176 F.3d 921, 926 (6th Cir. 1999). According to Carroll, Rowley asked Carroll how old he was and commented that he was still young enough to start all over again. The district court found that Rowley's comment actually stressed Carroll's relative youthfulness. We agree that the comment is not evidence of age discrimination. *See Minadeo v. ICI Paints*, 398 F.3d 751, 763-64 (6th Cir. 2005).

The other statement on which Carroll relies was allegedly made by Beck following Carroll's demotion. Carroll claimed that Beck told him that he should do something other than supervision, and that younger, smarter supervisors were needed in the organization. Beck denied making the second portion of this statement.

However, even if the second portion of Beck's statement did constitute direct evidence of age discrimination, Carroll has not established a genuine dispute as to the material fact that he still would have been demoted absent an impermissible ageist motive because of his poor supervisory

performance. Accordingly, the district court properly granted summary judgment on Carroll's age-discrimination claim. *See Minadeo v. ICI Paints*, 398 F.3d 751, 763 (6th Cir. 2005).

Finally, the district court correctly granted the Secretary summary judgment on Carroll's retaliation claim. The Secretary has proffered a legitimate, non-discriminatory reason for transferring Carroll and Carroll has failed to show that this reason is a pretext for retaliation. Carroll's retaliation claim also fails.

The district court's judgment is affirmed.